# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHAWNDRIKA LAWRENCE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-2197** |
| **CENTER PROPERTIES, LLC, ET AL.** | **SECTION: "D"(3)** |

## ORDER

Before the Court is Defendant St. Bernard Parish Government's Motion to Remand to State Court (R. Doc. 7) and Plaintiff Shawndrika Lawrence's Response in Opposition (R. Doc. 9). Plaintiff originally filed suit in the 34th Judicial District Court on April 13, 2016.[1] Plaintiff removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. 28 U.S.C. § 1441 provides

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by *the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending. [Emphasis added.]

Removal of civil actions to federal court may be allowed only on a motion of a defendant or defendants.[2] Plaintiff argues that the court find "the analysis of the Ullah [*sic*] court persuasive."[3] She cites language from *Ullah v. F.D.I.C.*, 852 F. Supp.

---

[1] R. Doc. 6-1.
[2] *See Bell v. Office of Cty. Attorney*, 1998 WL 792658 (5th Cir. 1998); *Victorias Mill. Co. v. Hugo Neu Corp.*, 196 F. Supp. 64 (S.D.N.Y. 1961).
[3] R. Doc. 9, p. 3.

218, 221 (S.D.N.Y. 1994) as support for her contention that remanding the action would cause additional delay. In *Ullah v. F.D.I.C.*, the customer of a bank taken over by the Federal Deposit Insurance Corporation ("FDIC") brought suit regarding legal expenses incurred.[4] The FDIC removed the suit to federal court, pursuant to its statutory right.[5] However, the FDIC removed to the district where the bank was located, which was not the district where the state court action was pending.[6] The court held that 12 U.S.C. § 1819(b)(2)(B) did not authorize FDIC to remove to a district other than where the state court action was pending and held that the case could be transferred to the proper venue directly rather than remanded.[7] This case does not support Plaintiff's arguments against remand. The Court notes that the removing party in *Ullah* was the defendant, which is consistent with the law.

A motion to remand on the basis of a procedural defect must be made within thirty (30) days of the notice of removal.[8] Plaintiff removed[9] on March 7, 2019, and Defendant moved to remand[10] on the basis of procedural defect on March 28, 2019. Therefore, Defendant raises the procedural defect within the time allotted.

---

[4] *Ullah*, 852 F. Supp. 218 (S.D.N.Y. 1994).
[5] *Id. See* 12 U.S.C. § 1819(b)(2)(B).
[6] *Id.*
[7] *Id.*
[8] 28 U.S.C. § 1446(b).
[9] R. Doc. 1.
[10] R. Doc. 7.
[11] R. Doc. 7-1, p. 2.

**IT IS HEREBY ORDERED** that Defendant St. Bernard Parish Government's Motion to Remand (R. Doc. 7) is GRANTED.

**IT IS FURTHER ORDERED** that this case is REMANDED to the 34th Judicial District Court for the Parish of St. Bernard.

New Orleans, Louisiana, this the __31st__ day of ____July____, 2019.

_____
**UNITED STATES DISTRICT JUDGE**